Lisbeth Findsen, Esq. (#24002679)
Price Law Group, APC
8245 N. 85th Way
Scottsdale, AZ 85258
T: (818) 600-5575
F: (818) 600-5496
E: beth@pricelawgroup.com
*Attorneys for Plaintiff*,
*Melinda Palmer*

**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
TYLER DIVISION**

| | |
|---|---|
| Melinda Palmer,<br><br>    Plaintiff,<br><br>v.<br><br>Online Information Services, Inc., Equifax Information Services, LLC, and Experian Information Solutions, Inc.,<br><br>    Defendants. | Case No.:  6:19-cv-352<br><br>COMPLAINT AND DEMAND FOR JURY TRIAL FOR VIOLATIONS OF:<br><br>1. FCRA, 15 U.S.C. § 1681 *et seq.*<br>2. FDCPA, 15 U.S.C. § 1692 *et seq.* |

**COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiff Melinda Palmer ("Plaintiff"), by and through her attorneys, alleges the following against Online Information Services, Inc. ("Online"), Equifax Information Services, LLC ("Equifax"), and Experian Information Solutions, Inc. ("Experian"):

**INTRODUCTION**

1. Plaintiff brings this Complaint for damages, injunctive relief, and any other available legal or equitable remedies, resulting from the illegal actions of Defendants by furnishing inaccurate information on Plaintiff's consumer credit report, thereby violating the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et al.* Plaintiff alleges as follows upon personal knowledge as to herself and her own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by her attorneys.

2. The FCRA prohibits credit reporting agencies and furnishers of information from reporting incomplete or inaccurate information on a consumer's credit report.

3. Further, this Complaint alleges violations of the FDCPA by Defendant Online, which prohibits unlawful debt collection practices by debt collectors.

## JURISDICTION AND VENUE

4. The District Court has federal question jurisdiction over these claims pursuant to 28 U.S.C. § 1331, 15 U.S.C. § 1681, and 15 U.S.C. § 1692.

5. Venue is proper pursuant to 28 U.S.C. § 1391(b)(2) in that a substantial part of the events or omissions giving rise to the claim occurred in this District. Because Defendants transact business here, personal jurisdiction is established.

## PARTIES

6. Plaintiff is a natural person residing in Tyler, Smith County, Texas.

7. Online Information Services, Inc. ("Online") is a *person*, as defined in 15 U.S.C. § 1681a(b).

8. Defendant Online is a "debt collector" as defined in 15 U.S.C. § 1692a(6). Defendant Online can be served through its registered agent, Corporation Service Company DBA CSC – Lawyers Inco, located at 211 E. 7th Street, Suite 620, Austin, TX 78701.

9. Defendant Equifax is a *credit reporting agency* ("CRA"), as defined in 15 U.S.C. § 1681a(f). On information and belief, Equifax is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing *consumer reports*, as defined in 15 USC 1681a(d), to third parties. Equifax can be served through its principal place of business is located at 1550 Peachtree Street NW, Atlanta, Georgia 30309.

10. Defendant Experian is a *credit reporting agency*, as defined in 15 U.S.C. § 1681a(f)). On information and belief, Experian is regularly engaged in the business of

assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing *consumer reports*, as defined in 15 USC 1681a(d), to third parties. Experian can be served through its principal place of business is located at 475 Anton Boulevard, Costa Mesa, California 92626.

11. Defendants acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

12. In or around 2015, Plaintiff resided in an apartment which had its utilities provided by Trinity Valley Electric Coop.

13. Plaintiff's lease ended in or around late 2015 and her last payment to Trinity Valley Electric Coop. was made on May 26, 2015.

14. After Plaintiff's lease ended, Plaintiff was notified that she still owed a balance to Trinity Valley Electric Coop. on account ending in #XXXXXXXXXXXX8303.

15. The balance Plaintiff allegedly owed was assigned to Defendant Online.

16. In or around December 2018, Plaintiff pulled her Experian and Equifax credit report.

17. All three credit reporting agencies incorrectly reported that payments had been made by Plaintiff on the Online Information Services account as recently as December 2018.

18. Plaintiff had not made any payments on this account since in or around May 2015.

### A. JANUARY DISPUTE LETTERS

19. In or around January 2019, Plaintiff sent Defendant Experian and Equifax each a letter disputing the information on the Online Information Services account (Acct #XXXXXXXX0482).

20. Upon information and belief, Defendant Experian and Equifax forwarded the respective dispute letter to Defendant Online within 5 business days of receiving the dispute from Plaintiff.

21. On or about February 6, 2019, Defendant Experian sent Plaintiff the results of the investigation to her dispute letter.

22. Defendant Experian stated that the Online Information Services account was verified as accurate and remained unchanged with a last payment made in December 2018.

23. In or around February 2019, Defendant Equifax sent Plaintiff the results of the investigation to her dispute letter.

24. Defendant Equifax stated that the Online Information Services account was verified as reporting correctly and continued to report the date of last payment as 12/2018.

### B.  APRIL DISPUTE LETTERS

25. On or about April 11, 2019, Plaintiff sent Defendant Experian, and Equifax a dispute letter stating that her Online Information Services Account (Acct #: XXXXXXXXXXXX8303) was reporting that she had been making payments, when in fact, she had not made any payments since May 2015.

26. Further, the April 11, 2019, dispute letters requested that Defendant Experian, and Equifax correct the reporting to reflect that payments are not being made on the Online Information Services account and have not been made since May 2015.

27. Upon information and belief, Equifax and Experian forwarded the respective dispute letters to Defendant Online within 5 business days of receiving the dispute from Plaintiff.

28. In or around May 2019, Defendant Equifax sent Plaintiff a response to her dispute letter.

29. Defendant Equifax stated that the information being reported was verified as accurate.

30.     Defendant Equifax continued to report the Online Information Services account with a last payment date of 12/2018, which is inaccurate.

31.     On or about May 8, 2019, Defendant Experian sent Plaintiff a response to her dispute letter.

32.     Defendant Experian stated that the information being reported was verified as accurate.

33.     Defendant Experian continued to report the Online Information Services account with a last payment made of 12/04/2018.

34.     Due to Defendants' actions, Plaintiff has suffered stress, anxiety, headaches, and emotional and mental pain and anguish.

35.     Upon information and belief, Defendant Online reported the date of last payment as December 2018 in an attempt to restart the statute of limitations.

36.     Defendant Online's actions were malicious, and/or done with gross negligence and with a conscious indifference to the rights, safety, and/or welfare of Plaintiff.

37.     Due to Defendants' inaccurate reporting, Plaintiff's Online Information Services account appears to be a recent delinquent account, when in fact it is an account that is past the Texas four-year statute of limitations.

**FIRST CAUSE OF ACTION**
**Defendants Experian and Equifax**
**Violations of the FCRA, 15 U.S.C. § 1681i and § 1681e(b)**

38.     Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein at length.

39.     The FCRA provides that if the completeness or accuracy of any item of information contained in a consumer's file at a *consumer reporting agency* is disputed by the consumer and the consumer notifies the agency directly of such dispute, the agency shall conduct a reasonable investigation to determine whether the disputed information is inaccurate or delete the item from the file within thirty (30) days of receiving the consumer's dispute

notice. 15 U.S.C. § 1681i(a)(2)(A).

40. The Act further requires the credit reporting agency, within 5 business days of receiving notice of the consumer's dispute, to provide notification of the dispute to the person who furnished the information in dispute and requires the credit reporting agency to "include all relevant information regarding the dispute that the agency received from the consumer." 15 U.S.C. § 1681i(a)(2)(A). In conducting its reinvestigation of disputed information in a consumer report, the credit-reporting agency is required to "review and consider all relevant information by the consumer."

41. Defendants Experian and Equifax failed to conduct a reasonable reinvestigation of the inaccuracy that the Plaintiff disputed in violation of 15 U.S.C. § 1681i.

42. Defendants Equifax and Experian failed to employ and follow reasonable procedures to assure maximum possible accuracy of Plaintiff's credit report, information and file, in violation of 15 U.S.C. § 1681e(b).

43. As a result of the above-described violations of § 1681e(b) and § 1681i, Plaintiff has sustained damages.

44. The CRAs' violations of the FCRA were willful and therefore Plaintiff is entitled to the full amount of statutory, actual, and punitive damages, along with attorneys' fees and costs.

**SECOND CAUSE OF ACTION**
**Defendant ONLINE Information Services**
**Violations of the FCRA, 15 U.S.C. § 1681s-2(b)**

45. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein at length.

46. On at least one occasion within the past two years, by example only and without limitation, Defendant Online violated 15 U.S.C. § 1681s-2(b)(1)(A) by failing to fully and properly investigate the Plaintiff's dispute.

47. The FCRA requires a furnisher, such as Online, after receiving notice from a credit reporting agency that a consumer disputes information that is being reported by that

furnisher to conduct an investigation with respect to the disputed information, to review all relevant information, to report the results of the investigation to the credit reporting agency, and, if the investigation reveals that the information is incomplete or inaccurate, to report those results to all other credit reporting agencies to which the furnisher has provided the inaccurate information.

48. Plaintiff notified Defendants Experian and Equifax that the reporting of the date of last payment for the Online Information Services account was inaccurate and that the last payment made should reflect a date of May 2015.

49. Thereafter, the Defendant credit reporting agencies notified Defendant Online that Plaintiff was disputing the information it had furnished to the credit reporting agencies and forwarded the respective dispute letters within 5 business days of receiving Plaintiff's dispute letters.

50. Online is liable under sections 1681n and 1681o of the FCRA by engaging in the following conduct that violates 15 U.S.C. § 1681s-2(b):

    a. Willfully and negligently failing to conduct an investigation of the inaccurate information that Plaintiffs disputed;

    b. Willfully and negligently failing to review all relevant information concerning Plaintiffs Online Information Services account;

    c. Willfully and negligently failing to report the results of investigations to the relevant consumer reporting agencies;

    d. Willfully and negligently failing to report the inaccurate status of the inaccurate information to all credit reporting agencies;

    e. Willfully and negligently failing to properly participate, investigate and comply with the reinvestigations that were conducted by any and all credit reporting agencies concerning the inaccurate information disputed by Plaintiffs;

    f. Willfully and negligently continuing to furnish and disseminate inaccurate and derogatory credit, account and other information concerning Plaintiffs to the

credit reporting agencies; and

g. Willfully and negligently failing to comply with the requirements imposed on furnishers of information pursuant to 15 U.S.C. § 1681s-2(b).

51. Online is liable to compensate Plaintiff for the full amount of statutory, actual, and punitive damages, along with attorneys' fees and costs, as well as other such relief permitted by 15 U.S.C. § 1681n.

### THIRD CAUSE OF ACTION
**Defendant Online Information Services**
**Violations of the FDCPA, 15 U.S.C. § 1692e(8)**

52. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein at length.

53. 15 U.S.C. § 1692e(8) prohibits a debt collector from communicating or threatening to communicate to any person credit information which is known or which should be known to be false, including the failure to communicate that a disputed debt is disputed.

   a. Defendant Online was aware that the credit information it was furnishing about Plaintiff's account was false because Plaintiff disputed the information multiple times.

   b. Further, Defendant Online provided Plaintiff with account statements that reflected a last payment date of May 2015.

54. Defendant Online's acts, as described above, were done knowingly and willfully.

55. As a result of the foregoing violations of the FDCPA, Defendant Online is liable to Plaintiff for declaratory judgment that Defendant Online's conduct violated the FDCPA, actual damages, statutory damages, and attorney's fees and costs.

### PRAYER OF RELIEF

**WHEREFORE**, Plaintiff Melinda Palmer, respectfully requests judgment be entered against Defendants Online Information Services, Inc., Equifax Information Services, LLC and Experian Information Solutions, Inc., for the following:

   A. Declaratory judgment that Defendants Online, Equifax, and Experian

 violated the FCRA;

B. Actual damages pursuant to 15 U.S.C. § 1681n(a) and § 1681o(a);

C. Statutory damages pursuant to 15 U.S.C. § 1681n(a);

D. Costs and reasonable attorney's fees pursuant to 15 U.S.C. §§ 1681n(c) and 1681o(b);

E. Punitive Damages pursuant to 15 U.S.C. §1681n(a)(2);

F. Declaratory judgment that Defendant Online violated the FDCPA;

G. Actual damages pursuant to 15 U.S.C. § 1692k(a)(1);

H. Statutory damages of $1,000.00 pursuant to 15 U.S.C. § 1692k;

I. Costs and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(3);

J. Exemplary damages pursuant to Tex. Civ. Prac. & Rem. Code Ann. § 41.001;

K. Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law; and

L. Any other relief that this Honorable Court deems appropriate.

Respectfully submitted this 30th day of July 2019,

By:/*s/Lisbeth Findsen*
Lisbeth Findsen, Esq. (#24002679)
Price Law Group, APC
8245 N. 85th Way
Scottsdale, AZ 85258
T: (818) 600-5575
F: (818) 600-5496
E: beth@pricelawgroup.com
*Attorneys for Plaintiff,*
*Melinda Palmer*