UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS

No. 6:19-cv-00352

**Melinda Palmer,**
*Plaintiff,*
v.
**Online Information Services, Inc.,**
*Defendant.*

# ORDER

On July 30, 2019, plaintiff Melinda Palmer filed this suit against defendants Online Information Services, Inc. ("OIS"), Equifax Information Services, LLC, and Experian Information Services, Inc. claiming violations of the Federal Credit Reporting Act ("FCRA") and the Fair Debt Collection Practices Act ("FDCPA"). Doc. 1. Plaintiff's claims against Equifax and Experian were dismissed following settlement. Docs. 22, 32, 33, 37. The case was referred to United States Magistrate Judge John D. Love pursuant to 28 U.S.C. § 636. Pursuant to the court's scheduling order, the parties filed the instant cross motions for summary judgment on the remaining FCRA and FDCPA claims. Docs. 57, 60.

On November 9, 2020, the magistrate judge issued a report and recommendation that: (1) OIS's motion for summary judgment be denied as to OIS's argument on standing; (2) OIS's motion for summary judgment be granted as to plaintiff's FCRA and FDCPA claims; and (3) plaintiff's motion for partial summary judgment be denied in its entirety. Doc. 72. Both parties filed objections to the report and recommendation. Docs. 73, 74. Both parties filed responses to the other's objections. Docs. 75, 76.

## Discussion

As an initial matter, neither party objected to the magistrate judge's finding that plaintiff has standing to bring her claims under the FCRA and FDCPA. Doc. 72 at 12. The magistrate judge found that the plaintiff had standing because she established that her alleged injuries—a denied apartment application, a statutory violation which creates a real risk of harm, and emotional distress—satisfy the injury-in-fact requirement. Doc. 72 at 6-12.

The court reviews the unobjected-to findings and conclusions for plain error. *Douglass v. United States Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc*). Having reviewed the conclusions and findings of the magistrate judge, the court finds the magistrate judge did not commit plain error in recommending that OIS's motion be denied as to standing. Accordingly, the court **accepts** the magistrate judge's finding that plaintiff has standing.

If a party objects within 14 days of service of the report and recommendation, the court reviews the objected-to findings and conclusions of the magistrate judge de novo. 28 U.S.C. § 636(b)(1). In conducting a de novo review, the court examines the entire record and makes an independent assessment under the law. *Douglass*, 79 F.3d at 1430 (cleaned up).

OIS objects that some of plaintiff's evidence is inadmissible. Doc. 73 at 2-3. Specifically, OIS objects to an automated consumer dispute verification ("ACDV") sent from Equifax to OIS that plaintiff submitted with her motion for partial summary judgment as well as a declaration plaintiff submitted with her response to OIS's motion for summary judgment. Docs. 60-6, 68-1. OIS argues that the documents are hearsay. Doc. 73 at 2-3.

OIS raised these evidentiary arguments for the first time in its response to plaintiff's motion and its reply to plaintiff's response, respectively. Docs. 67 at 2-3, 69 at 1-2. Although the magistrate judge did not expressly rule on defendant's

hearsay arguments, the magistrate judge also did not rely on those documents in rendering his recommendation. In other words, because the objected-to documents were not necessary to the magistrate judge's recommendation, OIS's evidentiary objections are **overruled**.

Turning to plaintiff's objections, she first objects to the magistrate judge's finding that OIS undertook a reasonable investigation of her claims. Doc. 74 at 5-9; *see* Doc. 72 at 18. Plaintiff presents the same arguments she made before the magistrate judge and that were fully considered by him in the report and recommendation. Doc. 72 at 12-15. Primarily, she contends that OIS's investigation was "superficial" and thus unreasonable. Doc. 74 at 6.

The evidence shows that after receiving the first notice of her dispute, OIS contacted Trinity Valley Electric Cooperative ("Trinity Valley")—the holder of plaintiff's disputed debt. Doc. 57-2 at 2, ¶ 8. The documents Trinity Valley provided confirmed that OIS's information was correct. *Id*. OIS then used this same documentation to address each of plaintiff's subsequent disputes. Doc. 67 at 13.

The court agrees with the magistrate judge that no reasonable jury could find that defendant's investigation was unreasonable. Trinity Valley possessed documentation with which it could verify the accuracy of plaintiff's credit report. After OIS received this documentation and confirmed that its information was accurate, it was not unreasonable to cease investigating.

Next, plaintiff argues that the investigation was unreasonable because OIS did not forward any of her subsequent disputes to Trinity Valley. Doc. 74 at 6. But, as the magistrate judge discussed, the Chief Compliance Officer of OIS stated in his deposition that the subsequent disputes could be addressed using the documentation that OIS obtained for the first ACDV, as all the disputes concerned the same subject matter. Doc. 72 at 16, citing Doc. 67, Ex. M at 37:23-41:15. The magistrate judge therefore concluded that

- 3 -

OIS was not unreasonable in this regard as there was no need to search for more documentation when what OIS already possessed sufficiently addressed plaintiff's dispute. Doc. 72 at 16 (citing Doc. 67, Ex. L); *see also Barron v. Equifax Information Services, L.L.C.*, 802 Fed. App'x. 161, 163 (5th Cir. 2020) (per curiam) (finding that it was not unreasonable to rely on information already possessed where "there [was] no evidence that [further] contact would have altered the defendants' conclusions about the information they already had"). Based upon the evidence presented, the court agrees with this conclusion.

Plaintiff also contends that OIS was unreasonable in not forwarding the attachment to her April 2019 ACDV to Trinity Valley. Doc. 74 at 6-7. The attachment explains plaintiff's central argument: that the refunds from Trinity Valley should have been reported differently. Doc. 60-6 at 4. As discussed below, this argument is unavailing. The "date of last payment" field was an appropriate to note the date her balance was reduced, and any potential for confusion is alleviated by other data fields. Accordingly, the court agrees with the magistrate judge's conclusion that OIS undertook reasonable investigations of plaintiff's claims. Plaintiff's first objection is **overruled**.

Plaintiff's second objection is to the magistrate judge's finding that OIS accurately reported her debt. Doc. 74 at 7. She argues that OIS conveyed false information in her credit report by listing the date of the Trinity Valley refunds as the "date of last payment." *Id.* at 7-8. As addressed at length in the magistrate judge's report, she contends that a refund is not a "payment." *Id*.

This objection likewise fails. As the magistrate judge explained, the Metro2 Guidelines—the industry standard for credit reporting—show that in order to lower a consumer's balance, the furnisher must note the date the balance was reduced. Doc. 72 at 21-22, citing Docs. 68 at 11-13, 68-2, Ex. A at 15-17; *see* Doc. 57-2 ¶ 12. The most appropriate field for this

notation is the "date of last payment" field. *Id.* Accordingly, if OIS must mark the date the refunds reduced plaintiff's debt, and the "Date of Last Payment" field is best suited for that notation, then it was not inaccurate for OIS to put it there.

Further, the harms plaintiff alleges arose from the purported inaccuracy—namely the failure of certain parties to recognize the age of the disputed debt—are alleviated by a second data field in her credit report. *See* Doc. 74 at 8. OIS's Chief Compliance Officer testified that the age of a debt is reported as the "date of first delinquency" when reporting a debt. Doc. 57-2 ¶ 14. Plaintiff has not disputed that her credit report contained this information, and its inclusion eliminates any potential for confusion on the grounds raised by plaintiff's objections. *See* Doc. 74 at 7-8. Accordingly, plaintiff's second objection is likewise **overruled.**

For the reasons stated above, both plaintiff's and OIS's objections to the magistrate judge's report and recommendation are **overruled.** Accordingly, the court **accepts** the magistrate judge's recommendation. Fed. R. Civ. P. 72(b)(3). Defendant's motion for summary judgment (Doc. 57) is **granted**, and plaintiff's partial motion for summary judgment (Doc. 60) is **denied.**

*So ordered by the court on December 16, 2020.*

J. CAMPBELL BARKER
United States District Judge